**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| RISA PISANO, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) 1:10-cv-01460-TWP-DKL |
| | ) |
| F. C. TUCKER, INC., | ) |
| | ) |
| Defendant. | ) |

**Entry Discussing Motion to Dismiss**

Risa Pisano brings this action against F.C. Tucker Company, Inc. ("Tucker") pursuant to Title VII of the Civil Rights Act of 1964. She alleges that she was not treated the same as a male manager in the office and was retaliated against when she complained. Tucker moves to dismiss.

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Conversely, "a plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). Because it is not part of the amended complaint, the court will not consider the plaintiff's recitation of facts in her response to the motion to dismiss. *See Bilal v. Rotec Indus., Inc.*, 215 F.3d 758, 765-66 (7th Cir. 2009).

## Discussion

Pisano asserts that she was not treated the same as a male manager in the office. "In order to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). That is what Pisano claims here.

Ms. Pisano's retaliation claim also survives the motion to dismiss. A retaliation claim requires an allegation that the employer retaliated against the employee because the employee "opposed any practice made an unlawful employment practice" by Title VII. *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008). A plaintiff alleging illegal retaliation on account of protected conduct must provide some specific description of that conduct beyond the mere fact that it is protected. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 779-82 (7th Cir. 2007) (citing *Kyle v. Morton High Sch.*, 144 F.3d 448, 454 (7th Cir.1998)). In her complaint, Pisano alleges "plaintiff was not treated the same as male manager in office and was retaliated against when complained." This allegation could be read to assert that she was fired when she complained that Tucker discriminated against her. All that is required at this stage is an allegation that she was retaliated against for complaining about sex discrimination. She alleges in her complaint that she complained of different treatment and was fired in retaliation. That is sufficient to avoid dismissal under Rule 12(b)(6).

**Conclusion**

Tucker's motion to dismiss (Dkt. No. 16) is DENIED.

**IT IS SO ORDERED.**

Date: 08/26/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Risa Pisano
21110 Carrigan Crossing
Noblesville, IN 46062

Brian L. McDermott
brian.mcdermott@odnss.com

Susannah P. Mroz
susannah.mroz@ogletreedeakins.com